**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Ralph Howling Wolf, | ) | |
| | ) | Case No. 1:18-cr-023 |
| Defendant. | ) | |

The court detained defendant following a detention hearing on October 16, 2018, finding that the Government had met its burdens in demonstrating that defendant was both a risk of flight and danger to the community. Notably, it did not foreclose the possibility that defendant could be released by separate order to a residential facility and thereafter back into the community, reasoning:

> The court's concern is that defendant remains a danger to the community based on a mix of substance abuse and mental health issues. The cumulative nature of defendant's conduct and criminal record show an inability to comply with the law. Detention is the best recommendation towards ending defendant's long pattern of criminal conduct; including the threat of disorderly conduct, harassment, burglary, and firearm offenses. Defendant will be placed on the list for a halfway house. If defendant can be compliant in the halfway house community, the court may consider release into the community.

(Doc. No. 32).

On November 8, 2018, defendant filed a motion for reconsideration of the court's order of detention. Therein he requests to be released to his sister's residence, advising that his outstanding state warrants have been dismissed and his outstanding state fines have been paid. The Government opposes his request, stressing that defendant has yet to secure a placement in a residential facility and thus has yet to "earn" his release back to the community.

Defendant remains both a risk of flight and danger to the community for reasons previously

1

articulated. He has presented nothing to obviate this risk/danger and there are no conditions the court can impose at this time short a placement at a residential facility to ensure his future appearance and the community's safety. His motion for reconsideration (Doc. No. 39) is therefore **DENIED**.

Defendant remains on the waiting list for a residential facility placement. The court may release defendant by separate order to a residential facility when spaces becomes available and there are no others on the waiting list more deserving of a placement. There, if defendant does well, he <u>may</u> be given the opportunity for release back into the community.

**IT IS SO ORDERED.**

Dated this 27th day of November, 2018.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court