# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTION TO** |
| | ) | **RECONSIDER DETENTION AND SETTING** |
| vs. | ) | **CONDITIONS OF RELEASE** |
| | ) | |
| Ralph Howling Wolf, | ) | Case No.1:18-cr-023 |
| | ) | |
| Defendant. | ) | |

The court previously ordered Defendant detained pending a final hearing on the petition to revoke his supervised release. (Doc. No. 201). Defendant is being housed by the United States Marshal at the Burleigh Morton Detention Center.

On December 19, 2023, Defendant filed a Motion to Reconsider Detention Order. (Doc. No. 206). He advises that he has secured a placement in Good Road Recovery's ("Good Road") inpatient treatment facility in Bismarck, North Dakota. He requests to be released on December 22, 2023, so that he travel to Good Road and begin treatment.

There being no objection from the United States, the court **GRANTS** Defendant's motion. (Doc. No. 206). Defendant shall be released at 11:00 AM on December 22, 2023, to staff of Good Road for transport to Good Road. Defendant's release is subject to the following conditions:

(1) Defendant shall not violate federal, state, tribal, or local law while on release.

(2) Defendant shall appear in court as required and surrender for any sentence imposed.

(3) Defendant shall refrain from the use of alcohol; any use or possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802 or state statute, unless prescribed by a licensed medical practitioner, any use of medical marijuana,

1

and any use of inhalants. Defendant shall submit to drug/alcohol screening at the direction of the Pretrial Services Officer to verify compliance. Failure or refusal to submit to testing or tampering with the collection process or specimen may be considered the same as a positive test.

(4) Defendant shall report to the Pretrial Services Officer at such times and in such manner as designated by the Officer.

(5) Defendant shall not possess a firearm, destructive device, or other dangerous weapon.

(6) Defendant shall not knowingly or intentionally have any direct or indirect contact with witnesses or co-defendants, except that counsel for Defendant, or counsel's agent or authorized representative, may have such contact with such persons as is necessary in the furtherance of Defendant's legal defense.

(7) Defendant shall reside at Good Road, fully participate in its programming, and comply with all of its rules and regulations.

(8) Defendant must sign all release forms to allow the Pretrial Services Officer to obtain information from Good Road OR to communicate with Good Road staff about his progress in the program.

Any passes allowed by Good Road must be approved by the Pretrial Services Officer.

If for any reason Defendant is terminated from Good Road, he must surrender to the custody of the United States Marshal.

At least 96 hours prior to anticipated completion of the treatment program, Defendant must advise the Pretrial Services Officer of his anticipated completion

date so the court may schedule a hearing to review his release status.

(9) Defendant shall submit his person, residence, vehicle, and/or possessions to a search conducted by a Pretrial Services Officer at the request of the Pretrial Services Officer. Failure to submit to a search may be grounds for revocation of his release. Defendant shall notify any other residents that the premises may be subject to search pursuant to this condition.

(10) Defendant shall not obtain a passport and other foreign travel document(s).

(11) Defendant must report as soon as possible, to the Pretrial Service Office or the supervising Pretrial Service Officer, every contact he has with law enforcement personnel, including arrests, questioning, or traffic stops.

**IT IS SO ORDERED.**

Dated this 20th day of December, 2023.

/s/ *Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court